# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| RONALD KELLEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. CV414-282 |
| STAFF ZONE, INC., | ) ) ) |
|     Defendants. | ) |

## ORDER

Plaintiff Ronald Kelley, proceeding *pro se*, claims that Staff Zone, Inc. fired him because of his age. Doc. 1 at 3. Staff Zone, also proceeding *pro se*, answered and moved for summary judgment. Docs. 6 & 7. Upon preliminary review, however, none of the parties' pleadings and motions can survive in their present forms.

First, Kelley's complaint. All complaints, including those filed by *pro se* plaintiffs,[1] must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Kelley's complaint satisfies the "short" requirement. It makes three

---

[1] *See Taylor v. Nat'l Sec. Agency*, 2015 WL 3939065 at * 2 (11th Cir. June 29, 2015) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)) ("We construe *pro se* briefs liberally, but *pro se* litigants nonetheless must conform to procedural rules.")

allegations -- that defendant (1) "fail[ed] to send [him] to work," (2) "told [him] that [he] wasn't showing up for work," and (3) committed "age discrimination," doc. 1 at 2-3 -- but otherwise does not satisfy the liberal pleading standards applied to *pro se* litigants. Critically, Kelley includes no facts suggesting that Staff Zone discriminated against him on the basis of age (or any other protected characteristic for that matter).

Compounding his complaint's deficiencies, Kelley has failed to follow the Court's Order instructing him to confer with Staff Zone pursuant to Fed. R. Civ. P. 26(f).[2] *See* doc. 3 at 3. He also has seemingly ignored the Court's instructions on how to respond to summary judgment motions,[3] *id.* at 5, and, more generally, how to litigate his case.

---

[2] Ignoring court orders risks dismissal. *See* L.R. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order); *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir.1987) (district court has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice).

[3] His response consisted of a list of cars he's "had since coming to Savannah," (doc. 11), a Georgia Department of Labor explanation for its denial of unemployment benefits (doc. 9), and a letter to the Court. Doc. 10. The first two documents are irrelevant to or do not support his claims. And his letter is a disfavored medium for presenting arguments to the Court. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000) (letters can get lost, while motions, briefs, etc., get filed); Fed. R. Civ. P. 7(b) (mandating that all requests for court orders be by motion). More importantly, none of those documents constitute an appropriate response under Fed. R. Civ. P. 56 and Local Rule 56.1 to Staff Zone's motion for summary judgment.

Nevertheless, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 2015 WL 4153684 at * 2 (11th Cir. July 10, 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15.

In light of his *pro se* status, the Court will allow Kelley that chance. To that end, he has 21 days from the date this Order is served to file an amended complaint. It must include the aforementioned "short and plain statement" of his claim, Fed. R. Civ. P. 8(a)(2), and the *facts*, not legal conclusions, supporting his position. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). He doesn't need to "present every last detail" of his case, *Swain v. Col. Tech. Univ.*, 2014 WL 3012693 at * 2 (S.D. Ga. June 12, 2014), but he must give "fair notice of what the . . . claim is and *the grounds upon which it rests.*" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (emphasis added). If Kelley does not timely amend his complaint, he faces dismissal of this case for failure to follow a Court order and for failure to state a claim.

Staff Zone's answer and motion for summary judgment are equally deficient, though for different reasons. All parties in United States courts "may plead and conduct their own cases personally." 28 U.S.C. § 1654. But "neither a corporation nor a partnership can appear *pro se*; rather, they must be represented by counsel." *United States v. Lena*, 2007 WL 4578336 at *1 (S.D. Fla. Dec. 27, 2007) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of § 1654 is that they must be represented by licensed counsel.")). Furthermore, under Georgia law, allowing a corporation's non-lawyer employee to represent it in court amounts to the unauthorized practice of law. *Cf. Eckles v. Atlanta Tech. Grp., Inc.*, 267 Ga. 801, 805-06 (1997) (laymen serving as unlicensed attorneys for *corporations* in courts of record amounts to the unauthorized practice of law).

According to the Georgia Secretary of State, Harris Ventures, Inc., d/b/a Staff Zone, is a Georgia corporation. *See* attached.[4] It "has prepared [its] response and motion for summary judgment *Pro Se*," doc. 7 at 1, while its director of human resources, Luc Turner, signed both documents and purports to be Staff Zone's "Pro Se Representative." *Id.* at 5. If defendant continues to proceed *pro se*, the Court will strike its answer and motion for summary judgment, *see Palazzo*, 764 F.2d at 1386 (dismissing corporation's claims because it failed to retain counsel); *United States v. Natalie Jewelry*, 2015 WL 150841 at * 4 (S.D. Fla. Jan. 13, 2015) (when a corporation is unrepresented and fails to retain counsel despite notice and opportunity to do so, its claims or defenses may be dismissed), and Turner may be exposed to prosecution for the unauthorized practice of law. *See Eckles*, 267 Ga. at 804-05.

But Staff Zone is not entirely without recourse. From the date this Order is served, it has 21 days to retain counsel. If Kelley amends his complaint in conformance with this Order, Staff Zone must answer within 14 days of the date Kelley files his amended complaint, or from

---

[4] Corporate registration with the Secretary of State are matters of public record of which the Court may take judicial notice. *See Univ. Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts. . . . Public records are among the permissible facts that a district court may consider.").

the date Staff Zone retains counsel, whichever is later. If it fails to retain counsel, however, the undersigned will recommend striking its answer (doc. 6) and motion for summary judgment. Doc. 7.

To recap: Kelley has 21 days from the date this Order is served to amend his complaint or else face dismissal of this case. Staff Zone, meanwhile, must retain counsel within those same 21 days or face a recommendation that the Court strike its answer and motion for summary judgment. If Kelley complies and amends and Staff Zone retains counsel, it then has 14 days from the date Kelley files his amended complaint, or from the date Staff Zone retains counsel, whichever is later, to answer. The parties thereafter must comply with Rule 26(f) and Local Rule 26.1(a) ("The parties shall confer as provided in Fed. R. Civ. P. 26(f) by the earlier of (i) 21 days after the filing of the last answer of the defendants named in the original complaint or (ii) 45 days after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint.").

**SO ORDERED**, this 12th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



**GEORGIA CORPORATIONS DIVISION**

GEORGIA SECRETARY OF STATE

**BRIAN P. KEMP**

HOME (/)

**BUSINESS SEARCH**

## BUSINESS INFORMATION

| | |
|---|---|
| Business Name: | **HARRIS VENTURES, INC.** |
| Business Type: | **Domestic Profit Corporation** |
| Business Purpose: | |
| Principal Office Address: | **2650 HOLCOMB BRIDGE RD STE 630, ALPHARETTA, GA, 30022** |
| State of Formation: | **Georgia** |

| | |
|---|---|
| Control Number: | **0131103** |
| Business Status: | **Active/Compliance** |
| Date of Formation / Registration Date: | **7/6/2001** |
| Last Annual Registration Year: | **2015** |

## REGISTERED AGENT INFORMATION

Registered Agent Name: **Anderson, Matthew**

Physical Address: **2650 Holcomb Bridge Road, Suite 630 Alpharetta, GA 30022, Fulton, Alpharetta, GA, 30022, USA**

Back         Filing History     Name History     Return to Business Search

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530, Phone:(404) 656-2817 WEBSITE: http://www.sos.ga.gov/
© 2015 PCC Technology Group. All Rights Reserved. Version 1.6.10     Report a Problem?